KIMBERLY A. DONOVAN (SBN 160729)
kdonovan@gcalaw.com
VALERIE M. WAGNER (SBN 173146)
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Tel: 650-428-3900
Fax: 650-428-3901

Attorneys for Plaintiff
HUDDLESTON DELUXE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUDDLESTON DELUXE, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BASS PRO OUTDOOR WORLD, LLC and BASS PRO, LLC,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.     Plaintiff HUDDLESTON DELUXE, INC. ("HUDDLESTON") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 6965 Speedway Blvd., X101, Las Vegas, Nevada 89115.  HUDDLESTON conducts a substantial portion of its business in California.

2.     Defendants BASS PRO OUTDOOR WORLD, LLC, and BASS PRO, LLC, (collectively, "BASS PRO" or "Defendant") are limited liability companies registered with the Secretary of State of the State of California and having their principal place of business at 2500 E. Kearney Street, Springfield, MO.  BASS PRO owns and operates stores and locations in California, and employs personnel at each such location, including a location at 5160 Cherry Ave., San Jose, California  95118, located in the Northern District of California.

**JURISDICTION**

3. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and for copyright infringement, arising under the copyright laws of the United States, 35 U.S.C. §101, *et seq.*, as well as a related claim for unfair competition. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. Upon information and belief, this Court has personal jurisdiction over Defendant since, *inter alia*, Defendant has regular and established places of business, *i.e.,* offices and retail locations, in in the State of California, including a retail location in this District, and transacts business in, and maintains continuous and systematic contacts within, this District and the State of California.  Defendant further has committed acts of patent infringement complained of herein and/or contributed to or induced those acts of patent infringement and copyright infringement by others in this District, and elsewhere in California and the United States.  This Court also has jurisdiction of the unfair competition claims alleged herein pursuant to 28 U.S.C. § 1338(b) since this claim is joined with the patent and copyright claims asserted herein.

**VENUE**

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), because a substantial part of the events giving rise to Plaintiff's claims for patent and copyright infringement occurred in this District and because Defendant resides in and is subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT**

6. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District, although BASS PRO is located in the San Jose division.

**FACTUAL BACKGROUND**

7. Samuel M. "Ken" Huddleston, now a principal of Plaintiff HUDDLESTON, pioneered a new class of fishing lures called "swimbaits" in Southern California.  His company HUDDLESTON is now based in Las Vegas, Nevada, and designs, manufactures, markets and sells swimbait lures in the United States and in various foreign countries under its brand name "Huddleston Deluxe."

HUDDLESTON is recognized as a pioneer and leader in designing realistic "swimbait" lures, which mirror the natural movement of bait fish, making them more alluring to larger target fish, a particularly desirable feature for tournament and trophy fishing. As a result, they are legendary in the world of trophy bass fishing. Huddleston Deluxe products are available for sale through its website www.huddbaits.com and through certain select retailers.

8. On December 8, 2009, United States Patent No. 7,627,979 ("the '979 Patent") entitled "Fish Lure with Vortex Tail," was duly and legally issued by the United States Patent and Trademark Office. HUDDLESTON DELUXE, INC., is and at all relevant times has been the assignee of the '979 Patent. A true and correct copy of the '979 Patent is attached hereto as Exhibit 1.

9. Plaintiff sells swimbait lures covered by its '979 Patent, including but not limited to its 10", 8" and 6" "Trout," "68 Special," and "Shad" swimbaits (collectively, "HUDDLESTON SWIMBAITS"). At various times HUDDLESTON has sold its products covered by the '979 Patent to Defendant BASS PRO, beginning at least by 2010, such that BASS PRO was very familiar with HUDDLESTON's products, its unique designs, and its legendary reputation in the world of bass fishing.

10. Plaintiff created its own designs for the body of its HUDDLESTON SWIMBAITS. Specifically, Ken Huddleston meticulously hand carved the initial swimbaits from pieces of wood which were then used to create the molds from which the HUDDLESTON SWIMBAITS are made to this day. The wood carvings, resulting molds, and resulting swimbait shapes and designs constitute original works covered by U.S. Copyright laws. All rights to the copyrights embodied in these designs have been assigned to HUDDLESTON. HUDDLESTON has sought registration of these copyrights with the U.S. Copyright Office.

11. It is well known in the fishing supply industry that certain HUDDLESTON products are covered by its patents. Appropriate HUDDLESTON products bear notice of the '979 Patent and additionally HUDDLESTON's website provides notice of patents, including but not limited to the '979 Patent in suit. The nature of carving and creation of molds for products is well known to create works subject to copyright protection. Information regarding HUDDLESTON, its lures, and its intellectual property is particularly well known in the bass fishing segment of the fishing supply industry, a field in which BASS PRO should be expected to have a reasonable level of familiarity.

12. Unfortunately, small specialty companies like HUDDLESTON, that enjoy an excellent reputation by making carefully crafted, individually-made products, are in a difficult position because large retailers can enter the market, use their intellectual property, take their designs, copy them, then mass-manufacture the copied designs in a lower cost region, such as China, and sell the copied designs to the mass retail market for a much lower price than the original manufacturer's cost. At some time, believed to have been within the last year, BASS PRO began to market, offer for sale, and sell swimbaits under its brand name "XPS" and under the product name "SLO-MO Swimmer." On information and belief, BASS PRO is manufacturing, having manufactured, importing and/or having imported, its SLO-MO Swimmer swimbait fishing lure. At this time, to the best of Plaintiff's knowledge, information, and belief, Defendant continues to manufacture, have manufactured, import, have imported, market, offer for sale, and sell its SLO-MO Swimmer and other similar swimbait products, collectively referred to herein as the ACCUSED PRODUCTS.

13. In order to manufacture and/or have manufactured the ACCUSED PRODUCTS, on information and belief, HUDDLESTON alleges that BASS PRO copied the actual shape and design of the HUDDLESTON SWIMBAITS, and thereafter created or had created knock off molds, designs and products incorporating HUDDLESTON's copyrighted works, including but not limited to the SLO-MO Swimmer. This is evidenced by the nearly identical substantial similarity in shape between the BASS PRO SLO-MO Swimmer product and the HUDDLESTON SWIMBAITS, as if the BASS PRO product were literally copied from the HUDDLESTON SWIMBAITS and/or their molds.

14. The SLO-MO Swimmer infringes the claims of the '979 Patent, as further described below. Potentially other BASS PRO products may also infringe this patent. Additionally, the SLO-MO Swimmer appears have been directly copied from HUDDLESTON's copyrighted designs for its HUDDLESTON SWIMBAITS, thereby infringing HUDDLESTON's copyrights, as further set forth below. BASS PRO may have also used HUDDLESTON's copyrighted designs to create other products as well. Finally, BASS PRO's acts as alleged herein constitute unfair competition under California Business & Professions Code section 17200, entitling HUDDLESTON to further relief as described below.

15. Upon information and belief, Defendant BASS PRO continues to commit the above-alleged acts of infringement of one or more claims of the '979 Patent, infringement of HUDDLESTON's copyrighted works, and unfair competition.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,627,979

16. Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 15 above.

17. Defendant has directly and/or indirectly infringed, and continues to infringe, (literally and/or under the doctrine of equivalents) one or more claims of the '979 Patent by making, using, selling, offering for sale, and/or importing the ACCUSED PRODUCTS, and/or inducing others in the U.S. to do the same. Defendant does not have a license, authorization, or any other right or permission to the rights granted under the '979 Patent.

18. Defendant has been fully aware of the '979 patent since at least 2010 when Plaintiff sold its products to Defendant, but likely well before that. In fact, this prior purchase gave Defendant further knowledge of the HUDDLESTON SWIMBAITS and the potential for the market associated with these products. Despite this knowledge, Defendant made, had made, sold, offered for sale, and/or imported the ACCUSED PRODUCTS. On information and belief, Defendant acted with knowledge of infringement.

19. The ACCUSED PRODUCTS infringe either literally or by the doctrine of equivalents at least claims 1-6, 8-12, and 15 of the '979 Patent. By way of example, the SLO-MO Swimmer infringes at least claim 15 as it literally or equivalently has a head, rear, reduced tail portion, tapered body, weighted insert with a polymer foam portion and a metal portion having different densities, enlarged tail with tapered top and bottom, distal surface, contours from the reduced tail portion to the distal surface, a lateral indentation, and all other limitations of the claim. Additional detail for this product and all Accused Products and asserted claims will be provided in Plaintiff's Infringement Contentions. Plaintiff reserves all rights to make additional and/or different arguments at that time as additional facts are discovered.

20. Defendant's infringement of the '979 Patent has caused, and continues to cause, damage to Plaintiff in an amount to be determined at trial, including but not limited to price erosion caused by Defendant's selling of the Accused Products at a price well below the price for HUDDLESTON's SWIMBAITS.

21. Defendant's infringement of the '979 Patent has caused, and continues to cause, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

22. Upon information and belief, Defendant's aforementioned infringing acts were, and are, willful and deliberate since such acts were committed by Defendant despite knowledge of the '979 Patent.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

23. Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 22 above.

24. Defendant's acts constitute infringement of HUDDLESTON's copyrights in the HUDDLESTON SWIMBAITS in violation of the Copyright Act, 17 U.S.C. Sections 101, et seq.

25. HUDDLESTON is informed and believes, and thereon alleges, that Defendant's infringement of the copyrights in the HUDDLESTON SWIMBAITS was, and continues to be, deliberate and willful and without regard to HUDDLESTON's proprietary rights.

26. Defendant's copyright infringement has caused, and will continue to cause, HUDDLESTON to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to, and copyrights in, the HUDDLESTON SWIMBAITS and, further, has damaged HUDDLESTON's business, reputation, and goodwill, diverted its trade, eroded prices, and caused a loss of profits, all in an amount not yet ascertained but to be proven at trial.

27. Defendant's copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, HUDDLESTON repeated and irreparable injury. It is difficult to ascertain the amount of money damages that would afford HUDDLESTON adequate relief at law for Defendant's continuing acts, and a multiplicity of judicial proceedings would be required to address the same.

Accordingly, HUDDLESTON's remedy at law is not adequate to compensate it for the injuries threatened and inflicted by Defendant, and Defendant should be restrained and enjoined, both preliminarily and permanently, pursuant to the appropriate provisions of the Copyright Act, 17 U.S.C. Section 502.

28. WHEREFORE, HUDDLESTON prays for relief as set forth herein.

## THIRD CLAIM FOR RELIEF

## UNFAIR COMPETITION IN VIOLATION OF

## CALIFORNIA BUS. & PROF. CODE §§ 17200, et seq.

29. Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 28 above.

30. Defendant's actions of selling HUDDLESTON SWIMBAITS for a period of time, gathering information regarding HUDDLESTON SWIMBAITS, using Plaintiff's patented invention, copying Plaintiff's unique designs, and other acts constitute unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code sections 17200, et seq.  Defendant's actions of selling the infringing copies of Plaintiff's unique designs at a much lower cost than the cost of making HUDDLESTON SWIMBAITS is an unfair, unlawful, and fraudulent business act and practice, which is believed to target the unlawful destruction of HUDDLESTON.

31. As a result of Defendant's violations of Business and Professions Code section 17200, Defendant has unjustly enriched itself at Plaintiff's expense. The unjust enrichment continues to accrue as the unlawful, unfair, and fraudulent business acts and practices continue.

32. To prevent his unjust enrichment, Defendant should be required to disgorge their illegal gains for the purpose of making full restitution to Plaintiff.  Defendant should also be permanently enjoined from continuing the violations of Business and Professions Code section 17200.

33. The acts and business practices alleged herein constituted and constitute a continuous and continuing course of conduct of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200.

34. Plaintiff therefore requests an order requiring disgorgement and/or imposing a constructive trust upon Defendant's ill-gotten gains, freezing Defendant's assets, and/or requiring Defendant to pay restitution to Plaintiff of all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent.

**PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

   A. For judgment that Defendant infringes one or more claims of the '979 Patent;

   B. For judgment that Defendant infringes Huddleston's copyright in the HUDDLESTON SWIMBAITS;

   C. An award of damages adequate to compensate Plaintiff for patent and copyright infringement, as well as prejudgment interest from the date infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284;

   D. An award of treble damages for the period of any willful infringement pursuant to 35 U.S.C. §284;

   E. A finding that this case is exceptional and an award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action, as provided by 35 U.S.C. §285;

   F. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, from engaging in further infringement and/or acts of infringement of the '979 Patent;

   G. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, from engaging in further infringement and/or acts of infringement of the copyrights in the HUDDLESTON SWIMBAITS;

   H. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, from engaging in further acts of unfair competition as set forth herein;

   I. Actual damages, including lost profits, statutory damages, punitive or treble damages, and such other relief available under the statutes cited in this Complaint;

| | | |
|---|---|---|
| J. | Restitution of unjust enrichment; |
| K. | Prejudgment and post-judgment interest; |
| L. | Attorneys' fees and costs; and |
| M. | For all other and further relief deemed just and proper by the Court. |

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated:  April 10, 2018	GCA LAW PARTNERS LLP

By:  */s/ Kimberly A. Donovan*
KIMBERLY A. DONOVAN
Attorneys for Plaintiff
HUDDLESTON DELUXE, INC.