1  JACK S. BARUFKA  (*Pro Hac Vice*)
   jack.barufka@pillsburylaw.com
2  ROBERT M. FUHRER (*Pro Hac Vice*)
   robert.fuhrer@pillsburylaw.com
3  **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   1650 Tysons Blvd., 14th Floor
4  McLean, VA  22102-4856
   Telephone:  (703) 770-7543
5  Facsimile:  (703) 905-2500

6  DIANNE L. SWEENEY (SBN 187198)
   dianne@pillsburylaw.com
7  MONICA A. HERNANDEZ (SBN 280195)
   monica.hernandez@pillsburylaw.com
8  **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   2550 Hanover Street
9  Palo Alto, CA 94304-1115
   Telephone:  (650) 233-4500
10 Facsimile:  (650) 233-4545

11 *Attorneys for Defendants BASS PRO OUTDOOR*
   *WORLD, L.L.C. and BASS PRO, LLC*
12

13          IN THE UNITED STATES DISTRICT COURT

14       FOR THE NORTHERN DISTRICT OF CALIFORNIA

15             SAN FRANCISCO DIVISION

16 HUDDLESTON DELUXE, INC., a Nevada          CASE NO. 3:18-cv-2145-VC
   Corporation,
17                                            **DEFENDANTS BASS PRO OUTDOOR**
                                              **WORLD, LLC AND BASS PRO, LLC'S**
18              Plaintiff,                     **NOTICE OF MOTION AND MOTION TO**
                                              **DISMISS PLAINTIFF'S FIRST AMENDED**
19 v.                                          **COMPLAINT; MEMORANDUM OF**
                                              **POINTS AND AUTHORITIES THEREOF**
20 BASS PRO OUTDOOR WORLD, LLC and
   BASS PRO, LLC,                             Date:   September 13, 2018
21                                            Time:   10:00 a.m.
                                              Courtroom: 4, 17th Floor
22              Defendants.                    Judge:  The Hon. Vince Chhabria

23                                            Complaint Filed:  April 10, 2018

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   STATEMENT OF ISSUES TO BE DECIDED ......................................................... 2

III.  APPLICABLE LAW ..................................................................................................... 2

    A.    Dismissal Under Rule 12(b)(6)........................................................................... 2

    B.    Copyright Law ...................................................................................................... 3

    C.    Federal Copyright and Patent Law Preemption ........................................... 3

IV.   ARGUMENT ................................................................................................................. 5

    A.    Huddleston's Claim of Unfair Competition is Preempted by Federal Law................................ 5

    B.    Plaintiff Fails to State a Claim for Copyright Infringement ...................... 6

      i.    Plaintiff Cannot Bring a Claim for Copyright Infringement Without First Registering the Alleged Copyright................................ 6

      ii.   Plaintiff Failed to Provide Adequate Notice of Its Alleged Copyright ....................... 8

V.    CONCLUSION............................................................................................................ 10

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 13, 2018 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria, Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendants Bass Pro Outdoor World, LLC and Bass Pro, LLC (collectively "Defendants" or "Bass Pro"), by and through counsel, will move, and hereby does move, the Court to dismiss Counts II & III alleging copyright infringement and state law unfair competition, respectively, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted on the following grounds:

- Count II claims copyright infringement without asserting adequate facts to support the existence of a U.S. Copyright application or identify with any particularity the alleged "original expressions" of the covered fishing lure, molds, and swimbaits alleged to be protectable under copyright law; and

- Count III claims unfair competition under state law based on the same alleged claims of patent infringement (Count I) and copyright infringement (Count II). As such, the state law claim is preempted by federal law.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, and such other written or oral argument as may be presented to the Court at or prior to the hearing or further to order of this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff is a self-proclaimed manufacturer and seller of high priced, hand-made swim bait lures and a former fishing lure vendor of Defendants and their affiliates. Bass Pro is a well-known and highly-regarded retailer of sporting goods and related outdoor recreational gear and apparel. As a recognized leader in the industry, Bass Pro's shops attract many vendors looking to supply merchandise for its online and retail stores. Over the years Bass Pro's shops have sold thousands of different products provided by countless different vendors, including Plaintiff. Plaintiff provided certain fishing lures for a limited time

to Bass Pro a number of years ago.  However, Bass Pro has not sold Plaintiff's lures for years.  In early 2018, Bass Pro's shops began selling a fishing lure provided by a different vendor under the name SLO MO Swimmer.  Defendants did not develop, design or manufacture said lure.

In this lawsuit, Plaintiff asserts that (1) Defendants infringe U.S. Patent No. 7,627,979 ("the '979 Patent"), entitled "Fishing Lure with Vortex Tail" by selling a product called the "SLO-MO Swimmer" fishing lure (*see* First Amended Complaint ("FAC") at ¶ 19); (2) Defendants infringe Plaintiff's "copyrights" in wood carvings, molds and HUDDLESTON swimbait lures, described simply as including "original works" covered by U.S. Copyright (*id.* ¶¶ 11, 24); and (3) Defendants unfairly compete with Plaintiff in the marketplace through the alleged copying of Plaintiff's unique designs by selling "confusingly similar" competing lures at a substantial discount (*id.* ¶ 31).

Bass Pro has answered Count I of Plaintiff's complaint but files this Motion as to Count II because Plaintiff has failed to adequately state a claim under the Copyright Act (including failing to allege sufficiently facts about registration and the copyrighted material(s)) and Count III because it is pre-empted by federal law.  Prior to filing this motion, Bass Pro met and conferred with Plaintiff and Plaintiff amended its complaint.  The amended complaint, however, did not cure the defects.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff has adequately stated a claim under the Copyright Act (Count II), where the complaint does not allege sufficient facts supporting the existence of a U.S. Copyright registration, application or any description or depiction of the alleged copyright.

2. Whether the Court should dismiss Plaintiff's unfair competition claim under Cal. Bus. and Prof. Code section 17200 (Count III) on the basis that it is preempted by federal law.

## III.   APPLICABLE LAW

### A.  Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter

of law.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).  "Factual allegations must be enough to raise a right to relief above the speculative level" as "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

## B.  Copyright Law

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  "Absent evidence of direct copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Even if ownership and access are conceded, the court must still determine whether or not the two works are "substantially similar."  *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir. 1977).  The showing of substantial similarity necessary to prove unlawful appropriation does not vary with the degree of access the plaintiff may allege.  *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1124 (9th Cir. 2018) (holding that the inverse ratio rule, requiring a lower standard of proof of substantial similarity when a high degree of access is shown does not apply in proving unlawful appropriation).

## C.  Federal Copyright and Patent Law Preemption

Both patent and copyright laws preempt Count III of Plaintiff's complaint.  "Copyright preemption is both explicit and broad: 17 U.S.C. § 301(a) prohibits state-law protection for any right equivalent to those in the Copyright Act."[1]  *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992).  Section 301 of the Copyright Act seeks "to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works," so long as the rights fall "within the scope of the Federal copyright law."  *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (citing *Laws*, 448 F.3d at 1137).  The Ninth Circuit has "adopted a two-part test to determine whether a state law claim is preempted by the [Copyright] Act."  *Laws*, 448 F.3d at 1137.  First,

---

[1] Copyright gives the owner "the right to control the work," including the decision whether or not to make the work available to the public.  *Laws v. Sony Music Entm't, Inc.* , 448 F.3d 1134, 1137 (9th Cir. 2006).

courts must "determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Id.* Second, assuming it does, courts then "determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.*

The Patent Act provides even broader preemption. Congress, in the Patent Act, "has balanced innovation incentives against promoting free competition, and state laws upsetting that balance are preempted." *G.S. Rasmussen*, 958 F.2d at 905. In a patent case, preemption occurs "whenever the state law provides patent-like protection to subject matter addressed by federal law." *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998); *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1078 (N.D. Cal. 2009). "Thus, a machine or process that does not satisfy the requirements of federal patent law—non-obviousness and the like—cannot be protected under either federal or state law." *G.S. Rasmussen*, 958 F.2d at 905. "Even if Congress has left an area unprotected, the fact that patent law *could* reach it preempts state-law protection." *G.S. Rasmussen*, 958 F.2d at 905 (citations omitted).

Preemption analysis involves determining whether the state law claim contains an element not shared by the federal law. *Summit Mach. Tools Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1439 (9th Cir. 1993). In *Summit Mach.* the district court ruled that, to the extent Summit seeks protection for its design concepts under California law, California's unfair competition law is also preempted by federal intellectual property law. *Id.* Any viable unfair competition claim must contain an extra element which changes the nature of the action "so that it is qualitatively different from a copyright [or patent] claim." *Id.* at 1439-40 (quoting *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1990)). "[A] court should not rely merely on a 'laundry list' of the alleged 'elements' of the state law claims at issue, such that the mere possibility of an 'extra element' protects a claim from preemption. Instead, the court should engage in a fact-specific inquiry." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1190 (C.D. Cal. 2001) (internal citations omitted). Here, the facts alleged by Plaintiff in Count III do not provide allegations that are qualitatively different from its federal patent and copyright claims.

**IV.     ARGUMENT**

**A.  Huddleston's Claim of Unfair Competition is Preempted by Federal Law**

Plaintiff's Count III claiming unfair competition under Cal. Bus. and Prof. Code section 17200 is nothing more than a repeat of Counts I and II, namely its patent and copyright infringement claims. While Plaintiff agreed to amend its complaint in view of Defendants' anticipated motion to dismiss, even as amended, Plaintiff's complaint still fails to further distinguish its unfair competition claim from its federal law claims.  As shown below, Plaintiff's amended complaint dropped the more obvious copyright and patent claim language but failed to further distinguish its unfair competition claim from its federal law claims:

> ~~30~~31.  Defendant's actions of selling HUDDLESTON SWIMBAITS for a period of time, gathering information regarding HUDDLESTON SWIMBAITS, ~~using Plaintiff's patented invention, copying~~ and associated marketing techniques, as well as information and data regarding purchasers of HUDDLESTON's products, and then discontinuing purchasing from HUDDLESTON (due in part to HUDDLESTON's desire to continue to maintain high quality, nearly custom made products) resulted in BASS PRO having unique information and knowledge which it then used to create products that mimic HUDDLESTON's products.  BASS PRO's sale of products that are confusingly similar to Plaintiff's unique designs, and other acts, constitute unfair competition and unlawful, unfair, and fraudulent business acts and practices, as described above, in violation of California Business and Professional Code sections 17200, et seq. Defendant's actions of selling ~~the infringing copies of~~designs that copy Plaintiff's unique designs at a much lower cost than even the cost of making HUDDLESTON SWIMBAITS is an unfair, unlawful, and fraudulent business act and practice, which is designed to confuse consumers and is believed to target the unlawful destruction of HUDDLESTON.

Comparing original Complaint ¶ 30 (DE 1) and FAC ¶ 31 (DE 23).

Plaintiff now includes the vague allegation that Bass Pro gathered "unique information and knowledge which it then used to create products that mimic HUDDLESTON's products." FAC ¶ 31.  The alleged unique information is simply described as "associated marketing techniques" and "data regarding purchasers of HUDDLESTON's product …."  *Id.*  Nevertheless, the unfair competition accusation remains, as previously alleged, that Bass Pro was a former retailer of HUDDLESTON products.  The so-called "unique information" is not identified and is certainly not identified as any form of misuse of trade secret information; something that might qualify as a separate cause of action.

In cases that indicate a claim for misappropriation is viable notwithstanding the broad swath of preemption, the extra element tends to be apparent.  *Summit Mach.*, 7 F.3d at 1441.  For example, the

5     DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT – CASE NO. 3:18-cv-2145-VC
4829-1770-2509.v7

extra element alleged could be a breach of fiduciary duty. *Id.* (citing *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984)). The extra element could also be an alleged breach of a confidential relationship. *Id.* (citing *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990)). Here, Plaintiff has not identified any extra element that would provide it with additional relief under California law. *See* FAC ¶¶ 29-35. As such, the state law claim does not offer any elements distinguishable from federal patent or copyright protection. *See Summit Mach.*, 7 F.3d at 1436 ("Moreover, the court held that, to the extent that Summit sought to protect its designs, Summit's unfair competition claims were preempted by federal patent and copyright laws."). "[S]tate law claims that rely on the misappropriation branch of unfair competition are preempted." *Id.* at 1441 (quoting *Warner Bros. v. American Broadcasting Cos.*, 720 F.2d 231, 247 (2d Cir. 1983)). In the end, the amended state law allegation still rings of federal law, relying on claims of "confusingly similar" products and "selling designs that copy Plaintiff's unique designs" and "designed to confuse." FAC ¶ 31. Because Count III does not have an "extra element" that precludes preemption, the Court should dismiss Plaintiff's unfair competition claim with prejudice absent a specific offer of proof by Plaintiff of additional allegations that would provide the allegations necessary to avoid preemption. *See Idema*, 162 F. Supp. 2d at 1190; *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083 (N.D. Cal. 2008) (holding no qualitative difference between plaintiff's Cal. Bus. & Prof. Code § 17200 claim and its copyright claim alleging that defendant copied plaintiff's protected materials and marketed and sold those materials as defendant's own).

## B. Plaintiff Fails to State a Claim for Copyright Infringement

### i. Plaintiff Cannot Bring a Claim for Copyright Infringement Without First Registering the Alleged Copyright

Count II alleging copyright infringement should be dismissed because it fails to state an actionable claim on its face. *See* Fed. R. Civ. P. 12(b)(6). To establish a *prima facie* case of copyright infringement, a plaintiff must show "(1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act." *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). Here, plaintiff has failed to show that it is the owner of a copyright.

Count II lacks any meaningful allegations supporting any basis for alleged copyright infringement including the existence of any copyright registration or application. Copyright registration is a

prerequisite for bringing a copyright infringement action.  *See* 17 U.S.C. § 411 ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) thus imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents."); *Epikhin v. Game Insight N. Am.*, 2016 WL 1258690, Case No. 14-CV-04383-LHK (N.D. Cal. Mar. 31, 2016) (dismissing plaintiffs' direct, contributory, and vicarious copyright infringement claims, noting that copyright registration is a "precondition" to a copyright infringement suit).  A copyright infringement claim should be dismissed on the ground that a plaintiff cannot state a claim under the Copyright Act without a registered copyright or an application for registration for a copyright.  *See* 17 U.S.C. § 411(a); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

In the original Complaint, Plaintiff simply asserted that it "has sought registration of these copyrights with the U.S. Copyright Office."  Complaint ¶ 10.  In the FAC, Plaintiff adds more verbiage to the claim but no legally meaningful details as to what was filed or what is considered copyright protected material:

> The wood carvings, resulting molds, and resulting swimbait shapes and designs constitute original works covered by U.S. Copyright laws.  All ~~rights to the~~ copyrights embodied in ~~these designs~~the swimbait design have been assigned to HUDDLESTON.  Prior to filing this action, HUDDLESTON ~~has sought~~submitted an application, deposit copies, and fee to the U.S. Copyright Office in order to obtain registration of ~~these copyrights~~the HUDDLESTON's copyright for the swimbait design with the U.S. Copyright Office.  HUDDLESTON has not yet received the Certificate of Registration from the U.S. Copyright Office, nor any registration nor request for information from the U.S. Copyright Office.  Based on review of information provided by the Copyright Office, HUDDLESTON is informed and believes that the U.S. Copyright Office has a significant backlog and it may take some time before the certificate is provided.

Comparing original Complaint ¶ 10 and FAC ¶ 10; *see also* FAC ¶¶ 24-27 (no change from the original Complaint).

Compounding the absence of meaningful allegations, the FAC does not include a U.S. Copyright application that might show what, if anything, Plaintiff has submitted to the Copyright Office for registration.  Plaintiff's assertion that the Certificate of Registration has not yet been received because the

Copyright Office is seemingly backlogged does not address the substance of the pleading deficiency. FAC ¶ 10.  By failing to identify what was actually submitted to the Copyright Office, the statutory precondition to filing a copyright claim falls short and should be dismissed.

### ii.  Plaintiff Failed to Provide Adequate Notice of Its Alleged Copyright

In addition to registration, it is well-settled that a plaintiff must allege "the specific original work that is the subject of the copyright claim." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 847 F. Supp. 1492, 1495 (E.D. Cal. 1994*), reversed on other grounds*, 76 F.3d 259 (9th Cir. 1996) (citation omitted). Additionally, Rule 8 of the Federal Rules of Civil Procedure indicates that a plaintiff should state its claims with precision, simplicity, and succinctness. *See Johnson v. Riverside Healthcare Sys*., LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (noting that Rule 8's pleading standard "is not an onerous burden.") (*quoting Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief").  The purpose of this standard is to "give the defendant fair notice of [the claim] . . . and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

Beyond registration, a claim for copyright infringement must also plead the "source[] of alleged similarity." *Apple Computer, Inc. v. Microsoft Corp*., 35 F.3d 1435, 1443 (9th Cir. 2002) ("only those elements of a work that are protectable and used without the author's permission can be compared when it comes to the ultimate question of illicit copying ….").  To state a claim for substantial-similarity both an extrinsic and intrinsic test must be met.  *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).  The extrinsic test focuses on "articulable similarities" between the works.  *Id*.  If a plaintiff cannot satisfy the extrinsic test, the complaint will be dismissed.  *See Campbell v. The Walt Disney Co*., 718 F. Supp. 2d 1108, 1116 (N. D. Cal. 2010) (finding "that the two works are not substantially similar as a matter of law" and granting defendants' motion to dismiss plaintiff's copyright infringement claim with prejudice).

In the case at hand, Plaintiff has failed to allege any protectable elements that are substantially similar between Plaintiff's unspecified wood carvings, molds and covered products and Bass Pro's allegedly infringing accused products.  This lack of material descriptive allegations is compounded by the lack of any pictorial images identifying the alleged works that Plaintiff "sought registration."

1    Instead, Plaintiff continues to allege that "[t]he wood carvings, resulting molds, and resulting swimbait

2    shapes and designs constitute original works covered by U.S. Copyright laws." *Id.* at ¶ 10. While

3    Plaintiff contends that "Ken Huddleston meticulously hand carved the initial swimbaits from pieces of

4    wood which were then used to create the molds from which the HUDDLESTON SWIMBAITS are

5    made to this day." (*id.*), Plaintiff does not identify *any* actual claimed copyright embodiments of any

6    swimbait design in the FAC. Indeed, not a single exhibit or diagram supports the copyright claim.

7    Plaintiff does not include any depiction of molds, or wood carvings or resulting swimbait products, and

8    instead offers only the general allegation against Defendants of copying "the actual shape and design"

9    thereby creating a "knock-off" of "nearly identical substantial similarity" between the accused SLO-

10   MO Swimmer fishing lures and Plaintiff's HUDDLESTON SWIMBAITS. *Id.* ¶ 24.

11          Given the facts as pled, Defendants are left to guess as to what non-functional expressions are

12   copyright protected. Defendants should not have to guess as to what constitutes Plaintiff's copyright.

13   Indeed, as discussed above, the fundamental purpose of the pleading requirement of Rule 8 is to give a

14   defendant sufficient notice of the nature and scope of the claims levied against them. *Twombly*, 550

15   U.S. at 556 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant

16   could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

17   'grounds' on which the claim rests.") (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a)

18   "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim

19   presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it.").

20   Defendants need not become ensnared in costly discovery in an effort to decipher what Plaintiff

21   considers to be its copyright. *Twombly*, 550 U.S. at 560. Further, Plaintiff's failure to detail the

22   elements of the alleged copyright would allow it to redefine its copyright at a future stage of litigation,

23   changing the scope of the dispute and leaving Defendants chasing a moving target. *See Four Navy*

24   *Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (finding plaintiff failed to

25   clearly plead which original works were the subject of its copyright claim where plaintiff failed to

26   identify exactly which works defendants infringed). Accordingly, Plaintiff's copyright claim, Count II,

27

28

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT – CASE NO. 3:18-cv-2145-VC
4829-1770-2509.v7

1    should be dismissed with prejudice absent an offer of proof of specific allegations that could cure these

2    legal defects.[2]

3    **V.    CONCLUSION**

4          For the foregoing reasons, Bass Pro respectfully requests that the Court dismiss Counts II & III

5    of Plaintiff's Complaint alleging copyright infringement and unfair competition under Cal. Bus. and

6    Prof. Code section 17200, *et seq*.

7

8     Dated: July 16, 2018.                          PILLSBURY WINTHROP SHAW PITTMAN LLP

9

10                                                   By:  */s/ Robert M. Fuhrer*

11                                                        ROBERT M. FUHRER

12                                                        *Attorneys for Defendants BASS PRO OUTDOOR*
                                                         *WORLD, L.L.C. and BASS PRO, LLC*

13

14

15

16

17

18

19

20

21

22

_____

23    [2] For example, even if Plaintiff can add more detail regarding its alleged copyright, the complaint would

24    still fail as no person or entity should ever be granted a monopoly in the depiction of a natural looking
      fishing lure.  As this Circuit has previously endorsed, "[i]deas first expressed in nature, are the common

25    heritage of humankind and no artist may use copyright laws to prevent others from depicting them."
      *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003).  While realistic depictions of live animals might be

26    protected by copyright (*see Kamar Int'l, Inc. v. Russ Berrie and Co.*, 657 F.2d 1059, 1061 (9th Cir.

27    1981)), the scope of copyright protection in such works is very narrow.  *See Herbert Rosenthal Jewelry
      Corp. v. Kalpakian*, 446 F.2d 738, 741 (9th Cir. 1971) ("Any inference of copying based upon similar

28    appearance lost much of its strength because both [works] were lifelike representations of a natural
      creature.").  In this case Plaintiff is unable to identify any protectable expressions in a "realistic" fishing
      lure.  *See* FAC at ¶ 7.