1  KIMBERLY A. DONOVAN (SBN 160729)
   kdonovan@gcalaw.com
2  VALERIE M. WAGNER (SBN 173146)
   vwagner@gcalaw.com
3  GCA LAW PARTNERS LLP
   2570 W. El Camino Real, Suite 400
4  Mountain View, CA 94040
   Tel: 650-428-3900
5  Fax: 650-428-3901

6  Attorneys for Plaintiff
   HUDDLESTON DELUXE, INC.
7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 | HUDDLESTON DELUXE, INC., a Nevada Corporation, | Case No. 3:18-CV-02145-EDL |
|---|---|
12 | | |
13 | Plaintiff, | **PLAINTIFF HUDDLESTON DELUXE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS BASS PRO OUTDOOR WORLD, LLC AND BASS PRO, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
14 | vs. | |
15 | BASS PRO OUTDOOR WORLD, LLC and BASS PRO, LLC, | |
16 | | |
17 | Defendants. | Date: September 18, 2018<br>Time: 2:00 p.m.<br>Courtroom: E, 15th Floor<br>Judge: The Honorable Elizabeth D. Laporte |
18 | | |
19 | | Complaint Filed: April 10, 2018 |

## I.     INTRODUCTION

Plaintiff Huddleston Deluxe, Inc. ("Plaintiff" or "Huddleston") has properly pled its copyright infringement and unfair competition causes of action in this case. Defendants Bass Pro Outdoor World, LLC and Bass Pro, LLC (collectively "Defendants" or "Bass Pro") assert in this motion that Plaintiff fails to meet this Court's liberal pleading standard for the copyright claim. This is incorrect. The Amended Complaint meets the notice pleading requirement by apprising Bass Pro of the copyright allegations against it. Defendants' assertion that Huddleston's unfair competition claim is preempted is also without merit. Huddleston is not asserting patent or copyright infringement as the basis for its unfair competition claim, but instead asserts other facts as the basis for the unfair, unlawful, or fraudulent acts by Bass Pro that serve as the basis for the unfair competition claim such that this cause of action is not preempted by Federal law. Because the complaint meets the pleading standards for a copyright action and because the unfair competition claim is not preempted, Bass Pro's motion should be denied.

## II.     RELEVANT FACTS

Huddleston, a small designer, manufacturer, and seller of fishing lures, initiated this action against Bass Pro, a large chain of sporting good stores, by filing its initial complaint on April 10, 2018. After the complaint was served, Bass Pro's counsel contacted counsel for Huddleston, asserting inadequacies in the pleading of the second cause of action, for copyright infringement, and that the third cause of action, for unfair competition under California Business & Professions Code section 17200, was preempted. While Huddleston disputed Bass Pro's assertions, Huddleston agreed to amend the complaint in the hope of avoiding motion practice, and therefore filed the presently operative First Amended Complaint ("FAC"). Bass Pro responded to the FAC by answering the allegations in the first cause of action, for patent infringement, and bringing this motion to dismiss the copyright infringement and unfair competition causes of action.

## III.     LEGAL STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) motions to dismiss are generally considered to be disfavored motions, and dismissal with prejudice is only proper in "extraordinary" cases. *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003). The motion challenges the legal sufficiency of the complaint, deciding if it meets the pleading standards set forth in Rules 8 and 9 of the Federal Rules of Civil Procedure, as well as any

applicable special pleading rules. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011). All allegations of material facts must be taken as true and construed in the light most favorable to the pleader. *Erickson v. Pardus*, 552 U.S. 89, 94 (2007). Unless the case falls into the special pleading requirements of Rule 9, which this case does not, the Federal pleading standard only requires that a claim be stated in short, plain, simple, concise, and direct terms in order to give the defendant "fair notice" of the claim and the grounds on which it rests. F.R.Civ.P. 8; *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007).

### IV.   THE COPYRIGHT INFRINGEMENT CLAIM WAS PROPERLY PLED

#### A.   Legal Standards for Pleading a Copyright Cause of Action

A plaintiff must prove ownership of a valid copyright and copying of constituent elements of the work that are original to establish infringement of a copyright. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). A copyright application must be submitted or a registration must exist in order to bring an action for copyright infringement. *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). Accordingly, a complaint for copyright infringement must include allegations supporting a valid copyright and claims of copying.

#### B.   Huddleston Adequately Pled Copyright Infringement in its FAC

Initially, Bass Pro claims that Huddleston fails to show it is the owner of the copyright because Huddleston does not allege it has a registered copyright or application for registration. This objection is without merit. In paragraph 10 of the FAC, Huddleston alleges as follows:

> Prior to filing this action, HUDDLESTON submitted an application, deposit copies, and fee to the U.S. Copyright Office in order to obtain registration of [] HUDDLESTON'S copyright for the swimbait design with the U.S. Copyright Office. HUDDLESTON had not yet received the Certificate of Registration from the U.S. Copyright Office, nor any registration nor request for information from the U.S. Copyright Office. Based on review of information provided by the Copyright Office, HUDDLESTON is informed and believes that the U.S. Copyright Office has a significant backlog and it may take some time before the registration certificate is provided.

This paragraph clearly alleges that a copyright application was submitted to the U.S. Copyright Office, with all its constituent parts, prior to the filing of this action. Huddleston is not required to submit copies of the copyright registration or the application. Instead, Huddleston merely needs to meet Rule 8's requirement of "a short and plain statement of the claim." This allegation of submission of the

copyright registration prior to filing this action satisfies the Federal "notice pleading" requirement.

Bass Pro next appears to allege that Plaintiff fails to specify the original work that is the subject of the copyright claim. This is not correct. The FAC defines "HUDDLESTON SWIMBAITS" to include the Huddleston "Trout," "68 Special," and "Shad" swimbaits. (FAC, ¶ 9.) Huddleston then alleges in paragraph 10 that:

> Plaintiff created its own designs for the body of its HUDDLESTON SWIMBAITS. Specifically, Ken Huddleston meticulously hand carved the initial swimbaits from pieces of wood which were then used to create the molds from which the HUDDLESTON SWIMBAITS are made to this day. The wood carvings, resulting molds, and resulting swimbait shapes and designs constitute original works covered by U.S. Copyright laws.

Thus, the FAC identifies the copyrighted works as the "shapes and designs" of the defined HUDDLESTON SWIMBAITS as the copyrighted works. These original designs are embodied in Huddleston's wood carvings, molds, and resulting swimbait products for the defined HUDDLESTON SWIMBAITS. This is more than adequate to meet the notice pleading requirement of Rule 8.

Finally, Bass Pro seems to allege that Plaintiff fails to adequately plead the elements necessary to meet the "substantial similarity" test. (Motion, 8:15-9:10.) Pleading the elements of the substantial similarity test is not a pleading requirement. Copying may be proven by several methods, including evidence of direct copying or, since direct evidence of copying can be hard to establish, by proving access plus "substantial similarity." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) ("Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'") Additional test are then applied to determine whether the works are "substantially similar."

Here, at the pleading stage, however, Huddleston does not know whether Bass Pro (or its agents) directly copied an embodiment of the copyrighted work (as Huddleston suspects), or whether Bass Pro had access to the work and created the Bass Pro product, which Huddleston will establish is substantially similar. Regardless, these are factual issues about which Huddleston will learn facts during discovery, not elements that must be specified in any further detail than the allegations already made by Huddleston in the FAC. None of the authorities cited by Bass Pro addresses the pleading requirements for a complaint. *See, Apple Computer, Inc. v. Microsoft,* 35 F.3d 1435 (9th Cir. 2002) and *Funky Films, Inc. v.*

*Time Warner Entertainment Co., L.P.*, 462 F.3d 1072 (9th Cir. 2006) (both addressing proof of copying element for purposes of summary judgment).  Requiring a copyright plaintiff to provide specifics about the details of copying is unnecessary, inappropriate, and generally unknown until considerable discovery, and sometimes expert evaluation, is completed.  The allegations in the complaint provide a proper short, simple statement alleging copying, which meets the notice pleading standard in this Court.

Huddleston properly alleged copyright infringement by providing adequate information to put the Bass Pro on notice of the basis of the claim.  Therefore, Bass Pro's motion should be denied as to the copyright infringement claim.

### V.   THE UNFAIR COMPETITION CLAIM IS NOT PREEMPTED

#### A.   Legal Standards for Premption

The parties do not substantially dispute the standard for preemption.  As stated in Bass Pro's brief, the key issue in this case is whether the unfair competition claim here contains an "extra element" that changes the nature of the action so that it is "qualitatively different" from a copyright or patent infringement claim.  *Summit Mach. Tools Mfg. Corp. v. Victor CNC Sys.,* 7 F.3d 1434, 1439-40 (9th Cir. 1993).  Copyright infringement focuses exclusively on "copying" the copyrighted work, while patent infringement focuses on making, using, offering for sale, selling, and/or importing an item that practices the patent, that is, contains all elements of any claim of the patent.  17 U.S.C. § 501; 35 U.S.C. § 271(a).

#### B.   Huddleston's Unfair Competition Claim is Not Preempted

Here, Huddleston's unfair competition allegations go beyond copying the protected elements of Huddleston's copyrighted work or practicing the '979 Patent.  Huddleston alleges as folllows, *inter alia*, in support of its unfair competition claim:

> HUDDLESTON is informed and believes that BASS PRO induced others and itself engaged in acts for the specific purpose of directly impacting HUDDLESTON's market and sales and with the hope of causing HUDDLESTON to be forced out of the market. This belief is based in part on the prior business relationship between HUDDLESTON and BASS PRO, the knowledge BASS PRO gained as a result of that relationship, and also HUDDLESTON's status in the bass fishing community. BASS PRO claims to be very familiar with the bass fishing community and, as a result, must have been familiar with HUDDLESTON's well known products and designs.  (FAC, ¶ 13.)
>
> Defendant's actions of selling HUDDLESTON SWIMBAITS for a period of time, gathering information regarding HUDDLESTON SWIMBAITS and associated marketing techniques, as well as information and data regarding purchasers of

HUDDLESTON's products, and then discontinuing purchasing from HUDDLESTON (due in part to HUDDLESTON's desire to continue to maintain high quality, nearly custom made products) resulted in BASS PRO having unique information and knowledge which it then used to create products that mimic HUDDLESTON's products. BASS PRO's sale of products that are confusingly similar to Plaintiff's unique designs, and other acts, constitute unfair competition and unlawful, unfair, and fraudulent business acts and practices, as described above, in violation of California Business and Professional Code sections 17200, et seq. Defendant's actions of selling designs that copy Plaintiff's unique designs at a much lower cost than even the cost of making HUDDLESTON SWIMBAITS is an unfair, unlawful, and fraudulent business act and practice, which is designed to confuse consumers and is believed to target the unlawful destruction of HUDDLESTON.

In support of its unfair competition claims, Huddleston alleges wrongs associated with Bass Pro gaining access to business information and then using that information in order to harm Huddleston. These acts are outside the scope of both patent infringement and copyright infringement. They do not even fall into the types of matters that are potentially preempted because the allegations are not actually about the copyright or patent. However, to the extent they overlap these allegations constitute the "something extra" that is necessary to avoid preemption. Since these unfair competition claims are based on something more and different that patent and copyright infringement, the unfair competition claim is not preempted.

## V.   CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss the first amended complaint should be denied.


Dated:  August 10, 2018                          GCA LAW PARTNERS LLP


                                                 By:  */s/ Kimberly A. Donovan*
                                                      KIMBERLY A. DONOVAN
                                                      Attorneys for Plaintiff
                                                      HUDDLESTON DELUXE, INC.